**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

YUSUF ABDULLAHI ABAKAR,

Defendant - Appellant.

No. 12-50446

D.C. No. 2:11-cr-00388-GAF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted May 12, 2014
Pasadena, California

Before: PREGERSON, REINHARDT, and NGUYEN, Circuit Judges.

Defendant Yosuf Abdullahi Abakar ("Defendant") appeals his jury

conviction of: two counts of perjury, in violation of 18 U.S.C. § 1621(1); and five

counts of fraud and misuse of visas, permits, and other documents, in violation of

18 U.S.C. § 1546(a).  At trial, the overwhelming and irrefutable evidence showed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

that Defendant lied to immigration officials, both in person and on official documents, about having lived with his wife. In reality, Defendant's marriage was a fraud, and Defendant only pretended to live with his wife to obtain immigration benefits. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Defendant challenges: (1) the jury instruction; (2) the prosecution's presentation of Defendant's unredacted Form N-400 (application for naturalization) to the jury; and (3) the district court's preclusion of defense counsel's questions to a witness about whether immigration officials had told this witness that Defendant was dangerous.

**1**. "Where a defendant fails to object to the court's [jury] instruction, review is for plain error." *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012). However, "[w]aiver occur[s] . . . [when] the defendant considered the controlling law, or omitted element, and, in spite of being aware of the applicable law, proposed or accepted a flawed [jury] instruction." *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997).

Defendant argues that the court plainly erred by failing to instruct the jury that a person can reside in more than one place at a time. Defendant proposed such an instruction to the district court. Then, when the district court offered its own

2

instruction—which left open the possibility that a person can reside in more than one place without explicitly stating as much —Defendant told the court that this instruction was "a good instruction" and that there was nothing left in dispute. Thus, Defendant knew of the supposedly "omitted element" and, despite being aware of it, accepted the court's instruction. This argument has been waived.

The court's jury instruction was also not plainly erroneous. To show plain error, a defendant must show that the error in the jury instruction was "clear or obvious" and that it "affected the outcome of the district court proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotations omitted). Even if the jury had been specifically instructed that one can reside in multiple locations at once, an abundance of evidence showed that Defendant's wife never spent any significant amount of time at Defendant's apartment, but only professed to do so to fool immigration officials. Thus, Defendant would have been found guilty of perjury and fraud under his own proposed jury instruction.

**2**. When defense counsel fails to move for a mistrial, this court reviews the district court's decision not to sua sponte order a mistrial for plain error. *See* Fed. R. Civ. Pro. 52(b); *United States v. Ross*, 886 F.2d 264, 266 (9th Cir. 1989). "Reversal is warranted only in exceptional circumstances necessary to prevent the

miscarriage of justice or to preserve the integrity and reputation of the judicial process." *Ross*, 886 F.2d at 266 (internal quotations omitted).

Defendant contends that the district court plainly erred by not ordering a mistrial after the government presented Defendant's unredacted Form N-400 to the jury. Yet the unredacted form was only briefly displayed, and the handwriting that was later redacted was barely legible. The court also cured any possible error by instructing the jury to consider only the testimony and exhibits received into evidence. *See United States v. Gallenardo*, 579 F.3d 1076, 1082 (9th Cir. 2009) ("We [] presume that the jury followed the district court's limiting instruction.").

Furthermore, any error would have been harmless. The jury almost certainly based its decision on the multitude of witnesses, including Defendant's wife and Defendant's roommate, who testified that Defendant never lived with his wife, but lied to immigration officials about having done so.

**3**. "The trial court has considerable discretion to limit cross-examination, and this court reviews a limitation for an abuse of that discretion." *United States v. Dudden*, 65 F.3d 1461, 1469 (9th Cir. 1995).

Defendant argues that the district court abused its discretion by sustaining the government's objection when defense counsel attempted to ask Defendant's wife's stepmother on cross-examination whether immigration officials had told her

4

that Defendant was dangerous.  She had testified on direct examination only as to where Defendant's wife actually lived, and Defendant offers no explanation as to how this questioning was relevant.  Even if the questioning was minimally probative as to potential bias, the district court did not abuse its discretion in sustaining the government's objection.

And again, given the wealth of evidence against Defendant, any error would have been harmless.

**AFFIRMED**.